1

2

3

4 UNITED STATES DISTRICT COURT

5 DISTRICT OF NEVADA

6 HELEN PROVINO,                                    Case No. 3:18-cv-00203-MMD-WGC

7                                    Plaintiff,    **REPORT & RECOMMENDATION OF
                                                   U.S. MAGISTRATE JUDGE**

8           v.

9 GREG ABBOTT, *et al.*,

10                                  Defendants.

11

12          This Report and Recommendation is made to the Honorable Miranda M. Du, United States

13 District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

14 § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

15          Before the court is an Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and

16 *pro se* Complaint (ECF No. 1-1).

17                              **I. IFP APPLICATION**

18          A person may be granted permission to proceed IFP if the person "submits an affidavit that

19 includes a statement of all assets such [person] possesses [and] that the person is unable to pay

20 such fees or give security therefor. Such affidavit shall state the nature of the action, defense or

21 appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v.*

22 *Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all

23 actions filed IFP, not just prisoner actions).

24          In addition, the Local Rules of Practice for the District of Nevada provide: "Any person

25 who is unable to prepay the fees in a civil case may apply to the court for authority to proceed

26 [IFP]. The application must be made on the form provided by the court and must include a financial

27 affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

28          ///

1    "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

2    particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

3    (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be

4    absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,*

5    335 U.S. 331, 339 (1948).

6    Preliminarily, the court points out that the form civil rights complaint filed in this action

7    contains the names of both Helen and Ralph Provino at the top, but then lists only Helen Provino

8    as the plaintiff in the caption and in the body of the complaint where the parties are listed. (ECF No.

9    1-1 at 1.) The IFP application, however, is filed by Ralph Provino. The application contains the

10   printed name of Ralph Provino, but no signature under penalty of perjury. The complaint,

11   incidentally, indicates that a Max Provino helped prepare it. Again, the complaint is not signed by

12   a party, but the names Helen and Ralph Provino are printed.

13   Since there is no IFP application from the named plaintiff, the IFP application filed by

14   Ralph Provino should be denied.

15   **II. SCREENING**

16   **A. Standard**

17   "The court shall dismiss the case at any time if the court determines that … the action or

18   appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or

19   (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

20   1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is

21   incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001)

22   (per curiam).

23   Dismissal of a complaint for failure to state a claim upon which relief may be granted is

24   provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks

25   that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C.

26   § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See*

27   *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a

28   plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is

1   the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). 

2   Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of*

3   *America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

4        In reviewing the complaint under this standard, the court must accept as true the

5   allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts

6   in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).

7   Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted

8   by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation

9   omitted).

10       A complaint must contain more than a "formulaic recitation of the elements of a cause of

11  action," it must contain factual allegations sufficient to "raise a right to relief above the speculative

12  level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain

13  something more … than … a statement of facts that merely creates a suspicion [of] a legally

14  cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure §

15  1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a

16  claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662,

17  678 (2009).

18       A dismissal should not be without leave to amend unless it is clear from the face of the

19  complaint that the action is frivolous and could not be amended to state a federal claim, or the

20  district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

21  1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

22  **B. The Complaint**

23       Again, the complaint names Helen Provino as plaintiff, and Greg Abbott, who is identified

24  in documents attached to the complaint, as the Attorney General for the State of Texas. There is a

25  parenthetical notation above Helen Provino's name in the body of the first page of the complaint

26  that Ms. Provino is blind. The complaint lists three counts for murder, betrayal and theft. The

27  complaint goes on to allege that Mr. Abbott murders tourists, betrays them, and then steals from

28  them. The first count is for murder, but the allegations state that Plaintiff was charged seven percent

1  when he was promised six percent. Count II is for betrayal, and the allegations are that a credit

2  application was filled out which destroyed the credit. The last count is for theft from a person who

3  was blind, elderly and hard of hearing.

4      The complaint suffers from several defects, which result in the undersigned recommending

5  dismissal of this action with prejudice.

6      First, it is not clear who is filing the complaint. Under Federal Rule of Civil Procedure 11,

7  every pleading must be signed by an attorney of record or by the party if the party is unrepresented.

8  Fed. R. Civ. P. 11(a).

9      Second, there is documentation attached to the complaint indicating that both Helen and

10  Ralph Provino are residents of Reno, Nevada. The lawsuit names the Attorney General of the State

11  of Texas as a defendant, related to activity that allegedly occurred in Texas. A civil action must be

12  brought in (1) a judicial district in which any *defendant* resides, if all defendants reside in the same

13  state where the district is located, (2) a judicial district in which a substantial part of the events or

14  omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

15  the action is situated, or (3) a judicial district in which any defendant is subject to personal

16  jurisdiction at the time the action is commenced, if there is no district in which the action may

17  otherwise be brought. 28 U.S.C. § 1391(b).

18      There is no allegation that any defendant resides in the District of Nevada, or that any of

19  the events giving rise to the action occurred here. Instead, the action allegedly took place in Texas.

20  Therefore, it appears the court lacks personal jurisdiction over the defendant and venue is improper

21  here.

22      Finally, and crucially, the complaint fails to state any cognizable claim upon which relief

23  may be granted. The complaint contains fleeting reference to the words murder, betrayal and theft

24  but is devoid of any *factual* allegations. The complaint contains vague and nonsensical statements

25  no tied to any arguable basis in law or fact, and as such appears to be frivolous. *See Neitzke v.*

26  *Williams*, 490 U.S. 319, 325 (1989) (this term "embraces not only the inarguable legal conclusion,

27  but also the fanciful factual allegation"). Therefore, the action should be dismissed with prejudice.

28  ///

- 4 -

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order: **DENYING** the IFP application (ECF No. 1), and **DISMISSING** the action **WITH PREJUDICE** as frivolous, failing to state a claim upon which relief may be granted, and lacking a jurisdictional basis.

Plaintiff should be aware of the following:

1. That a plaintiff may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: May 9, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE